## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

JASMINE VIVEROS and ELSY
QUIJADA,

      Plaintiffs,

v.                                                                Case No. 3:25-cv-393-MMH-SJH

GET CERTIFIED AMERICA!, LLC,

      Defendant.

_____

# O R D E R

**THIS CAUSE** is before the Court <u>sua</u> <u>sponte</u>. Plaintiffs, Jasmine Viveros and Elsy Quijada, initiated this action on April 11, 2025, by filing a Complaint and Demand for Jury Trial (Doc. 1; Complaint). In the Complaint, Plaintiffs assert that Defendant, Get Certified America!, LLC, violated the Fair Labor Standards Act (FLSA) and the Florida Minimum Wage Act "by failing to pay Plaintiffs minimum wages for all hours worked" and by failing to pay overtime. <u>Id.</u> at 1. On April 23, 2025, the Court ordered Plaintiffs to show cause why their claims should not be severed. <u>See</u> Order to Show Cause (Doc. 10). Plaintiffs responded, contending their claims should not be severed. <u>See</u> Plaintiffs' Response to Order to Show Cause (Doc. 11; Response), filed April 30, 2025.

Upon review of the Complaint and the Response, the Court finds that Plaintiffs'

claims are due to be severed.[1]

In the Response, Plaintiffs contend:

> [J]oinder is proper because Plaintiffs were both employed by Defendant as hourly employees and were not paid minimum wages or overtime wages during many workweeks. Plaintiffs' claims are nearly identical[] and virtually indistinguishable. The claims arise out of the same occurrence, which is their employment with Defendant between 2021 and 2024.

Response at 1–2. Plaintiffs further assert that their claims present the following

legal and factual issues in common:

> 1. Whether Defendant maintained a policy of failing to compensate employees for all hours worked;
>
> 2. Whether Plaintiffs were "employees" under the FLSA and other applicable statutes;
>
> 3. Whether the failure to pay wages was willful or reckless; [and]
>
> 4. The extent of damages and back pay owed under uniform wage statutes.

Id. at 2.[2]

In reviewing the Response and Plaintiffs' allegations in the Complaint,

the Court concludes that Plaintiffs fail to present any common issue. As to

whether "Defendant maintained a policy of failing to compensate employees for

---

[1] The Court summarized the law of plaintiff joinder in the Order to Show Cause and does not repeat that law here. See generally Order to Show Cause.

[2] Notably, Plaintiffs have not identified any legal authority supporting the contention that joinder of their claims is appropriate. See generally Response.

all hours worked," Plaintiffs do not even make it clear whether the alleged policy consists of failing to pay minimum wage, overtime, or both. <u>Compare</u> Complaint ¶ 21 ("Defendant engaged in an illegal policy of suffering and permitting Plaintiffs to work and did not pay Plaintiffs the complete wages."), <u>with</u> <u>id.</u> at 9 ¶ 48 ("Defendant engaged in an illegal policy of not paying Plaintiffs premium wages for all hours worked beyond 40 in a single work week."); <u>see also</u> Response at 1–2 (Plaintiffs' suggestion that Defendant had a policy of not paying minimum wages).[3] These threadbare assertions are too vague for the Court to determine the extent to which either Plaintiff's claims implicate a company policy at all much less whether joinder is appropriate on the basis of such a policy.

As to the remaining three questions Plaintiffs contend are raised in common, each constitutes an inquiry that will have to be resolved individually as to each Plaintiff. Plaintiffs do not allege any facts to suggest that they were similarly situated, such that whether one of them was an "employee" under applicable law would have any bearing on whether the other was also an employee—indeed, Plaintiffs allege they worked in different positions. <u>See</u> Complaint ¶¶ 1, 2. Next, Plaintiffs allege no facts to suggest that Defendant's

---

[3] In the Complaint, Plaintiffs misnumber the paragraphs by restarting the numbering at paragraph 43 after paragraph 51. <u>See</u> Complaint at 8. The Court clarifies the ambiguity by citing paragraph 48 with reference to both its page and paragraph number.

state of mind as to one of them has anything in common with Defendant's state of mind as to the other.[4] And last, how much money Defendant might owe each Plaintiff is an inherently individual inquiry that depends on what claim the Plaintiff pursues, how many hours the Plaintiff worked, what the Plaintiff's hourly rate was, and what the Plaintiff was paid. In light of the foregoing, the Court finds that joinder of Plaintiffs' claims is improper.

Alternatively, severing the claims of Plaintiffs in this action is within the discretion of the Court. As noted above, although Plaintiffs' claims generally involve the same general act (violation of the FLSA) by the same employer, it is nevertheless the undersigned's experience that minimum and overtime wage claims such as these require fact-intensive and individualized inquiries into a plaintiff's work history and specific circumstances. Thus, allowing these individual Plaintiffs to proceed together would likely result in separate motions for summary judgment that, apart from involving some of the same general alleged unlawful conduct (unlawful withholding of money earned), actually involve distinctly different legal and factual issues. The jury could face the same problem if Plaintiffs went to trial together. As such, the Court is of the view that allowing these claims to proceed together would be inefficient and contrary

---

[4] In the Response, Plaintiffs state they "were managed by the same individual, who exercised supervisory authority over their work schedules, assignments, and payroll." Response at 2. This allegation does not appear in the Complaint, and Plaintiffs have not sought to amend the Complaint to include it. A statement by a lawyer in a brief is not a factual allegation, and the Court disregards the statement.

to the interests of judicial economy. In light of the foregoing, even if severance were not proper based on the misjoinder of these claims, the Court would exercise its discretion to sever the claims in this action. However, given the likelihood that some witnesses and other evidence will overlap, when the parties prepare case management reports, they may propose agreements to reduce duplicative discovery efforts such as allowing a deposition taken in one case to be used in either case.

Accordingly, it is

**ORDERED:**

1.    Pursuant to Rule 21, the claims of the individual Plaintiffs in this action are **SEVERED**.

2.    **Without charging a filing fee**, the Clerk is **directed** to open a new civil case bearing the style of Elsy Quijada v. Get Certified America!, LLC. The Clerk shall then terminate Quijada as a plaintiff in this action and this case shall proceed only as to Plaintiff Jasmine Viveros.

3.    The Clerk is **further directed** to file a copy of all the docket entries from the instant case into Elsy Quijada's new case, including a copy of this Order, and **direct assign** the new case to the undersigned and the Honorable Samuel J. Horovitz, United States Magistrate Judge.

4.     On or before May 27, 2025, each Plaintiff must **file an amended complaint** in the Plaintiff's own case setting forth only the individual Plaintiff's claims.

5.     Defendant shall respond to the amended complaints in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure or as directed by the Court.

**DONE AND ORDERED** in Jacksonville, Florida, on May 13, 2025.

**MARCIA MORALES HOWARD**
United States District Judge

lc33
Copies to:

Counsel of Record