UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
(JACKSONVILLE DIVISION)

ELSY QUIJADA,

    Plaintiff,                               CASE NO.: 3:25-cv-00541-MMH-SJH

v.

GET CERTIFIED AMERICA!, LLC,

    Defendant.
_____/

**JOINT MOTION FOR APPROVAL OF SETTLEMENT, DISMISSAL WITH PREJUDICE, AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, Elsy Quijada ("Plaintiff") and Defendant, Get Certified America!, LLC ("Defendant") (collectively, the "Parties"), by and through their respective undersigned counsel, hereby file this *Joint Motion for Approval of Settlement, Dismissal with Prejudice, and Incorporated Memorandum of Law* (this "Joint Motion"), and respectfully move this Court to approve the settlement of Plaintiff's claims filed in this action pursuant to the Florida Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219; and dismiss this action with prejudice.

In support of this Joint Motion, the Parties state as follows:

1

## FACTUAL BACKGROUND

1. On April 11, 2025, Plaintiff filed a three-count Complaint in which they allege violations of the overtime and minimum wage provisions of the FLSA. (Doc. 1.)[1]

2. Plaintiff was employed as a Proctor by Defendant.

3. In her Complaint, Plaintiff alleges that she regularly worked in excess of forty (40) hours per week, and that Defendant failed to pay her overtime for the approximately ten to fifteen (10-15) hours each week, during which time Plaintiff alleges she had been required to work. She also alleges that Defendant did not pay her at all for 870 hours in violation of minimum wage provisions of the FLSA.

4. Defendant denies that Plaintiff worked the hours in dispute, and asserts that Plaintiff was fully and properly compensated for all overtime hours worked for Defendant.

5. The Parties have discussed Plaintiff's alleged damages, hours worked, rate and method of pay, and have exchanged discovery concerning Plaintiff's employment with Defendant. Given the Parties' respective positions on whether Plaintiff actually worked the overtime hours for which Plaintiff alleges

---

[1] The Court entered an Order severing the cases on May 13, 2025 (Doc 16). On May 27, 2025 Plaintiff filed her Amended Complaint and assigned Case No. 3:25-cv-00541-MMH-SJH (Doc 18) (collectively, the "Action")

she was not compensated, there is a bona fide dispute as to whether Plaintiff is entitled to any relief under the FLSA.

6. Notwithstanding the factual and legal defenses that it maintains are applicable in this matter, Defendant, taking into account the time and expense associated with the ongoing defense of this case and the uncertainty and risks inherent in any litigation, has agreed to a settlement and release of Plaintiff's claims in the above-styled action.

7. To avoid the uncertainty and expense of protracted litigation of the Parties' bona fide dispute, the Parties have agreed to resolve Plaintiff's FLSA claims in the above-styled action by executing a written settlement and release agreement, a true and correct copy of which is attached hereto as "**Exhibit A**" (the "**FLSA Settlement Agreement**").

8. The FLSA Settlement Agreement includes every term and condition of the Parties' settlement of the claims in this action.

9. Pursuant to the terms of the FLSA Settlement Agreement, Defendant has agreed to pay Plaintiff a total amount of $20,000.00 (the "FLSA Settlement Sum"), consisting of $10,000.00 in satisfaction of Plaintiff's FLSA wage claim, and $10,000.00 in liquidated damages.

10. The Parties agree that the negotiated terms of the FLSA Settlement Agreement represent a fair, reasonable, and just compromise of a *bona fide* dispute, and that Plaintiff has not unfairly compromised her claim.

11. The FLSA Settlement Agreement also provides that Defendant agrees to pay Plaintiff's counsel $5,000.00 in attorneys' fees and costs, which have been negotiated separately by the Parties without regard to the amounts paid to Plaintiff.

12. The Parties hereby seek the Court's approval of the FLSA Settlement Agreement, and dismissal with prejudice of the above-styled action in its entirety after the Court has reviewed and approved the FLSA Settlement Agreement.

## MEMORANDUM OF LAW

The Parties' FLSA Settlement Agreement may be approved by this Court upon the Court's finding that it is "a fair and reasonable resolution of a bona fide dispute." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If the settlement reflects a reasonable compromise of issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

### A. FLSA Settlement Agreement

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because

4

initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

When evaluating an FLSA settlement agreement, the district court considers whether the settlement is fair and reasonable to the employee (i.e., the "internal" factors), and whether the settlement frustrates the purpose of the FLSA (i.e., the "external" factors). *Dees v. Hyrdradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010); Moreno v. Regions *Bank*, 729 F. Supp. 2d 1346, 1350–51 (M.D. Fla. 2010). Factors considered "internal" include: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel." *Hamilton v. Frito-Lay, Inc.*, No. 6:05-CV-592-ORL-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007).

5

The settlement of this case involves circumstances in which the Court may approve the Parties' settlement. The proposed settlement arises out of an action brought by Plaintiff against her employer, which is adversarial in nature. During the litigation and negotiation of the settlement of this action, Plaintiff and Defendant were both represented by counsel experienced in litigating FLSA claims.

In agreeing to the terms of the FLSA Settlement Agreement, the Parties obtained sufficient information to allow them to make informed decisions after having had the opportunity to analyze their respective claims and defenses. The Parties agree that the instant action involves disputed issues, including whether Plaintiff was properly compensated for all overtime hours worked.

Plaintiff was employed as a scheduling coordinator for Defendant and was compensated at an hourly regular rate of $20.00/hour. Defendant maintains that Plaintiff was properly compensated for all regular and overtime hours worked, while Plaintiff disputes this and maintains that he was not properly compensated for all overtime hours allegedly worked.

It is the Parties' contention that, in light of the foregoing dispute, the terms of the FLSA Settlement Agreement represent a fair and reasonable settlement of the claims in this action and should be approved by this Court. There was no fraud or collusion behind the settlement. Furthermore, additional litigation of this

matter would have required the depositions of Plaintiff, Defendant's corporate representative, and other witnesses having knowledge relevant to the Parties' claims and defenses asserted, or that could have been asserted, in this action. Continued litigation would have also required the Parties to expend further resources in responding to discovery requests in addition to any preparation for trial and/or of dispositive motions. Counsel for each of the Parties stipulate and agree that the proposed settlement is fair in light of the contested issues in this case. Counsel for each of the Parties affirm the foregoing summary of this action and issues in dispute, which the Court can use to determine the fairness of the proposed FLSA Settlement Agreement.

Pursuant to 29 U.S.C. § 216(b), "[t]he court [in an FLSA action] shall allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." Pursuant to the FLSA Settlement Agreement, Plaintiff will recover a total amount of $20,000.00, representing Plaintiff's alleged damages pursuant to her FLSA claim, and Plaintiff's attorney will receive a total of $5,000.00 for attorneys' fees and costs incurred by Plaintiff in this action. The Parties represent that this amount for Plaintiff's attorney's fees and costs was negotiated separately from the amount to be received by Plaintiff pursuant to the FLSA Settlement Agreement. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (If the parties "represent[] that the plaintiff's attorneys' fee was agreed upon separately and

7

without regard to the amount paid to the plaintiff, . . . the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.").

The attorney's fees and costs that the Parties agreed upon for Plaintiff's counsel were negotiated separately from the settlement sums paid to Plaintiff. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (stating, "if the parties submit a proposed FLSA settlement that (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to her attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel."). Accordingly, the Court should approve the amount representing Plaintiff's attorney's fees and costs in the FLSA Settlement Agreement as reasonable.

Based upon the foregoing, the Parties respectfully submit that the settlement reached pursuant to the FLSA Settlement Agreement was a reasonable

compromise of Plaintiff's claim under the FLSA. Pursuant to *Lynn's Food*, the Parties request that the Court approve the FLSA Settlement Agreement as fair and reasonable, and dismiss the above-styled action with prejudice.

Dated this 27th day of February, 2026.

Respectfully submitted,

| | |
|---|---|
| LEE LAW, PLLC<br>1971 West Lumsden Road, Suite 303<br>Brandon, FL 33511<br><br>By: */s/ Kyle J. Lee*<br>Kyle J. Lee, Esq.<br>Florida Bar No. 105321<br>Kyle@KyleLeeLaw.com<br><br>*Attorney for Plaintiff* | SPIRE LAW, PLLC<br>2572 W. State Road 426, Suite 2088<br>Oviedo, Florida 32765<br><br>By:*/s/ Jesse Unruh*<br>Jesse Unruh, Esq.<br>Florida Bar # 93121<br>Monica Monsalve-Burr<br>Florida Bar No. 1031295<br>(407) 494-0135<br>jesse@spirelawfirm.com<br>monica@spirelawfirm.com<br>marcela@spirelawfirm.com<br>filings@spirelawfirm.com<br><br>*Attorneys for Defendant* |

## CERTIFICATE OF SERVICE

I hereby certify that, on this 27th day of February, 2026, the foregoing was electronically filed through the CM/ECF system, which will send a notice of electronic filing to Plaintiff's counsel, Kyle J. Lee, Esq., Kyle@kyleleelaw.com.

*/s/ Jesse Unruh*
Attorney

9

# EXHIBIT A

**FLSA SETTLEMENT AGREEMENT**